UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HORACE RILEY, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

                    Plaintiff,

        -against-

TASTEE PATTEE, LTD., and THOMAS
PATTERSON, individually, and MICHAEL A.
PATTERSON, individually,

                    Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:** 18-cv-05562

Jury Trial Demanded

        HORACE RILEY, on behalf of himself, individually, and on behalf of all others

similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms

are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as

and for his Complaint against TASTEE PATTEE, LTD. (hereinafter "Tastee Pattee"), THOMAS

PATTERSON, individually, and MICHAEL A. PATTERSON, individually, (collectively as

"Defendants"), alleges upon knowledge as to himself and his own actions and upon information

and belief as to all other matters as follows:

## NATURE OF CASE

        1.      This is a civil action seeking damages and equitable relief based upon

Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime

provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime

provisions of the New York Labor Law ("NYLL"), NYLL § 160 and Hospitality Industry Wage

Order ("Wage Order"), codified as N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4;

(iii) the minimum wage provisions of NYLL §652(1) and NYCRR §146-1.2.; (iv) the NYLL's

requirement that employers provide on each payday proper wage statements to their employees

containing specific categories of accurate information, NYLL § 195(3); (v) the NYLL's

requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.     As described below, Plaintiff worked for Defendants - - a corporation operating a chain of popular Jamaican restaurants in Brooklyn, New York, and the corporation's owners and day-to-day overseers - - from approximately October 28, 2015 until May 7, 2018, first as a cashier and server and then subsequently as a member of the kitchen staff.  Throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL.  Specifically, throughout his employment, Defendants routinely required Plaintiff to work beyond forty hours in a workweek but paid him a flat weekly wage that operated to cover only the first forty hours that he worked per week, and thus failed to compensate Plaintiff at any rate of pay, let alone at the statutorily-required overtime rate of time and one-half his straight-time rate of pay, or time and one-half the minimum wage rate, when greater, for any hours that he worked per week in excess of forty.

3.     Additionally, in violation of New York law, Defendants failed to pay Plaintiff at a rate that was at least equal to the statutorily-required minimum for all hours worked, or to provide Plaintiff with any wage statements on each payday or with any wage notice at hire.

4.     Defendants paid and treated all of their non-managerial employees in the same manner.

5.     Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.

Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

6.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations periods who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions comprising the claims for relief occurred within this judicial district.

## PARTIES

9.      At all relevant times herein, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10.      At all relevant times herein, Tastee Pattee was and is a New York corporation, with its principal place of business located at 3122 Church Avenue, Brooklyn, New York 11226.

11.      At all relevant times herein, Defendants Thomas Patterson and Michael A. Patterson were and are co-owners and the day-to-day overseers of Tastee Pattee.  In those roles, Thomas Patterson and Michael A. Patterson were jointly responsible for overseeing the daily operations of all locations of Tastee Pattee, as well as managing all of its employees, including

Plaintiff, including all matters with respect to determining employees' rates and methods of pay and hours worked, the assignment of work schedules, the hiring and firing of employees, and the distribution and assignment of work duties.

12.    At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Tastee Pattee's qualifying annual business exceeded and exceeds $500,000, and Tastee Pattee was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees, orders and sells ingredients and food products, purchases uniforms for its employees, and buys other supplies, such as pots, pants, utensils, and paper goods, from vendors located in states other than New York, and also accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Tastee Pattee to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13.    Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants and who give consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

14.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar

manner; (4) were required to work in excess of forty hours in a workweek; and/or (5) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked per workweek in excess of forty.

15.     At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

16.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly-situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCRR.

18. Under FRCP 23(b)(3), Plaintiff must plead that:

   a.  The class is so numerous that joinder is impracticable;

   b.  There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c.  Claims or defenses of the representative are typical of the class;

   d.  The representative will fairly and adequately protect the class; and

e.  A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial employees of Defendants who, during the applicable NYLL limitation period, performed any work for Defendants within the State of New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

20.    Within the last six years Defendants have, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

21.    There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require Rule 23 Plaintiffs to perform; (2) the manner of compensating Rule 23 Plaintiffs; (3) whether Defendants paid and pay Rule 23 Plaintiffs overtime wages at time and one half their respective regular rates of pay, or one and one-half time the minimum wage rate, when greater, for all hours worked over forty in a week; (4) whether Defendants failed and fail to pay Rule 23 Plaintiffs at least at the statutory minimum wage rate for all hours worked; (5) whether Defendants failed and fail to furnish Rule 23 Plaintiffs with wage statements on each payday accurately containing the information required by NYLL § 195(3); (6) whether Defendants failed and fail to furnish Rule 23 Plaintiffs with wage notices at the time of their hire accurately containing the information required by NYLL § 195(1); (7) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (8) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and the NYCRR; and (9) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22.    As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and the NYCRR.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, and Defendants did and do not pay them overtime wages for all hours worked over forty each week or at least at the statutory minimum wage rate for all hours worked, nor did and do Defendants furnish them with accurate wage statements or wage notices when the law requires.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and the NYCRR to be paid at least at the minimum wage rate for all hours worked, all their earned overtime wages, and to be furnished with accurate wage statements on each payday and wage notices upon hire.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCRR.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

Adequacy

23.    Plaintiff, as described below, has worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants.  Defendants regularly failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked over forty each week, pay Plaintiff at least at the required minimum wage rate of pay for all hours worked, furnish Plaintiff

7

with accurate wage statements on each payday, and/or furnish Plaintiff with an accurate wage notice upon hire, which is substantially similar to how the Defendants paid and treated and pay and treat the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all matters pertaining to him raised in this Complaint and that will be raised in the Defendants' Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

24.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

25.    Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants have treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26.    Any lawsuit brought by any current or former non-managerial employee of Defendants would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

27.    Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

28.    Tastee Pattee is a chain of popular Jamaican restaurants operating at multiple locations in Brooklyn, with its principal place of business located at 3122 Church Avenue, Brooklyn, New York 11226.  Tastee Pattee's other locations include: 1371 Fulton Street, Brooklyn, New York 11216; 987 Flatbush Avenue, Brooklyn, New York 11226; and 1431

Rockaway Parkway, Brooklyn, New York 11236. Defendants employed eleven or more employees across their locations at all relevant times.

29.    Thomas Patterson and Michael A. Patterson are co-owners and the day-to-day managers of Tastee Pattee, who are jointly responsible for overseeing the daily operations of Tastee Pattee, as well as managing all of its employees at all locations, including all matters with respect to determining employees' rates and methods of pay and hours worked, work schedules, and the distribution and assignment of work duties. Defendant Thomas Patterson was primarily in charge of managing the Tastee Pattee store located at 1371 Fulton Street, where Plaintiff worked, but was also responsible for checking in on the operations at other locations. Defendant Thomas Patterson personally hired and fired Plaintiff, paid Plaintiff his wages, and supervised Plaintiff throughout his employment with Defendants. For his part, Defendant Michael A. Patterson was primarily in charge of managing the Tasted Pattee store located at 3122 Church Avenue.

30.    On or about October 28, 2015, Plaintiff commenced his employment with Defendants as a cashier and server in Defendants' restaurant located at 1371 Fulton Street. In this capacity, Plaintiff's primary duties were cashing out customers and serving food, as well as having responsibility for cleaning his work station and other areas inside and outside of the restaurant, placing garbage in outside trash bins. Plaintiff was also collaterally responsible for making trips to a local bank to obtain change for the restaurant. In or around April 2016, Defendants reassigned Plaintiff to the kitchen staff in the role of assistant to the chef, in which position his primary duties were to prepare and cook food for the restaurant's customers, along with continuing to perform his collateral duty of obtaining change from the bank. Plaintiff worked in that position until his employment with Defendants ended on May 7, 2018.

31.     Throughout his employment, Defendants required Plaintiff to work seven days per week, without a scheduled or uninterrupted break each day.   From the beginning of his employment on or about October 28, 2015 through May 2016, Defendants required Plaintiff to work from 8:00 a.m. until 4:00 p.m. each day, resulting in a total of fifty-six hours worked per week.  After reassignment to the kitchen staff in April 2016 and continuing until the end of his employment on May 7, 2018, Defendants required Plaintiff to work from 8:00 a.m. until at least 4:30 p.m. Monday through Saturday, and from 8:00 a.m. to 4:00 p.m. on Sunday, resulting in a total of at least fifty-nine hours worked per week.

32.      Regardless of how many hours he worked in a week, Defendants paid Plaintiff a flat weekly rate of: $420.00 from October 28, 2015 until December 31, 2016, yielding a regular rate of $10.50; and $467 from January 1, 2017 until May 7, 2018, yielding a regular rate of $11.68.

33.     The flat salary that Defendants paid to Plaintiff each week was intended to and operated to cover only the first forty hours that Plaintiff worked each week.  Thus, throughout his employment, Defendants failed to compensate Plaintiff at any rate of pay, let alone at the rate of time and one-half his regular rate of pay, or time and one-half the minimum age rate, when greater, for any hours that Plaintiff worked in a week in excess of forty.

34.     By way of example only, during the week of March 5 through March 11, 2017, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

Sunday, March 5, 2017: 8:00 a.m. until 4:00 p.m.;

Monday, March 6, 2017; 8:00 a.m. until 4:30 p.m.;

Tuesday, March 7, 2017: 8:00 a.m. until 4:30 p.m.;

Wednesday, March 8, 2017: 8:00 a.m. until 4:30 p.m.;

10

Thursday, March 9, 2017: 8:00 a.m. until 4:30 p.m.;

Friday, March 10, 2017: 8:00 a.m. until 4:30 p.m.;

Saturday, March 11, 2017: 8:00 a.m. until 4:30 p.m.

Thus, Plaintiff worked fifty-nine hours in this week. In exchange for his work during this week, Defendants paid Plaintiff a flat salary of $467, which amounts to $11.68 per hour for his first forty hours of work only. Defendants did not pay Plaintiff at any rate for the nineteen hours that Plaintiff worked during this week in excess of forty.

35.    Moreover, in 2018, Defendants failed to compensate Plaintiff at least at the NYLL minimum wage rate for any hours worked.

36.    Throughout his employment, Defendants paid Plaintiff weekly by cash.

37.    On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone one that accurately listed all of the information that Section 195(3) of the NYLL requires, such as the dates of work covered by the payment of wages, the regular hourly rate of pay, the overtime rate of pay, the number of regular hours worked, and the number of overtime hours worked.

38.    Additionally, upon hire, Defendants failed to provide Plaintiff with any wage notice, let alone one accurately containing all the information that Section 195(1) of the NYLL requires, such as Plaintiff's rates of pay and the basis thereof (e.g. hourly, daily, per shift), as designated by the employer, and the name and telephone number of the employer.

39.    Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described above.

40.    Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

41.    Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

42.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked exceeding forty in a workweek.

44.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

45.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

46.    Defendants willfully violated the FLSA.

47.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater.

48.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and NYCRR*

49.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50.     NYLL §160 and 12 NYCRR §146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked exceeding forty in a workweek.

51.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

52.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

53.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater.

54.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Minimum Wage in Violation of the NYLL and NYCRR*

55.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     NYLL §652 and 12 NYCRR §146-1.2 require employers to compensate their employees at a minimum hourly rate of pay for each hour worked in a workweek.

57.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

58.     As also described above, Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in accordance with the NYLL's and the NYCRR's minimum wage provisions.

59.     At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to recover the difference between their respective regular rates of pay and the applicable minimum wage rate for every hour worked.

60.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

61.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62.    NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

63.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

64.    As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with any wage statements, let alone ones accurately containing the criteria required under the NYLL.

65.    Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

66.    On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

67.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68.    NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

69. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

70. As also described above, Defendants failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with any wage notice at hire, let alone one accurately containing the criteria enumerated under the NYLL.

71. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

72. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

73. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims asserted in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State Laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.   An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.   Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.   Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f.   All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

g.   Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.   Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs and expenses, and an award of a service payment to Plaintiff;

i.   Designation of Plaintiff and his counsel as collective/class action representatives under the FLSA and FRCP 23;

j.   Pre-judgment and post-judgment interest, as provided by law; and

k.   Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs any other and further

relief as this Court finds necessary and proper.


Dated: Great Neck, New York
       October 5, 2018

                                    Respectfully summited,

                                    BORRELLI & ASSOCIATES, P.L.L.C.
                                    *Attorneys for Plaintiff*
                                    1010 Northern Boulevard, Suite 328
                                    Great Neck, New York 11021
                                    Tel. (516) 248-5550
                                    Fax. (516) 248-6027


                        By:    _____
                                    THOMAS R. PRICE  (TP5125)
                                    ALEXANDER T. COLEMAN (AC 8151)
                                    MICHAEL J. BORRELLI (MB 8533)