# BORRELLI & ASSOCIATES
## P.L.L.C.

www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

May 16, 2019

*Via ECF*
The Honorable Steven Tiscione
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    *Riley v. Tastee Pattee, LTD. et al.*, 18-cv-05562-ENV-ST

Dear Judge Tiscione:

    This office represents named-Plaintiff Horace Riley, and opt-in Plaintiff Patrick Balfour (collectively as "Plaintiffs"), in the above-referenced action arising under the Fair Labor Standards Act and the New York Labor Law against Defendants Tastee Pattee, LTD, Thomas Patterson, and Michael A. Patterson (collectively as "Defendants"). We write to respectfully request that the Court adjourn *sine die* the settlement conference currently scheduled for 11:00 a.m. on Tuesday, May 21, 2019, and instead use that timeslot to hold a telephonic status conference to discuss the issues set forth below.

    As the Court is aware, an initial conference was held in this matter on February 7, 2019. Although counsel appeared on that day and the Court called the case, the Court adjourned the conference to March 7, 2019, because counsel for Defendants needed more time to identify an appropriate substitute for Defendant Michael Patterson, who had passed away in late January. At the March 7, 2019 initial conference, defense counsel advised that a substitute party, Richard Patterson, had been identified but could not be substituted in until he was officially appointed as administrator of Michael Patterson's estate by the surrogate's court. Defense counsel further stated, at both conferences, that without a formal substitution he was limited in his authority to act, and specifically expressed doubt that he would be able to access records related to Tastee Pattee's businesses. The Court set May 10, 2019, as the Phase I discovery deadline in this matter and scheduled next week's settlement conference.

Accordingly, on April 3, 2019, we served on Defendants a request for Phase I discovery, specifically requesting the following categories of documents with respect to both Plaintiffs: (1) work schedules; (2) time sheets; (3) wage notices; (4) wage statements; (5) W-2s; (6) any other records of hours worked or wages paid to either Plaintiff; and (7) any arbitration agreements that Defendants assert are applicable to the claims in this case. In response, on April 4, 2019, defense counsel sent an identical document request to the undersigned. On April 19, 2019, Plaintiffs produced a one-page work schedule, which was the only responsive document that Plaintiffs could locate, and we further requested an update on the status of substituting in Richard Patterson. On May 8, 2019, defense counsel notified the undersigned that, "there is an issue with the estate of Michael Patterson and it will take several more weeks to get the letter appointing him as administrator of the estate." That same day, the undersigned emailed defense counsel to request an update on the status of Defendants' document production, since Phase I discovery was set to end in two days. On May 13, 2019, defense counsel informed the undersigned that he had not located any responsive documents.

On May 14, 2019, as there had been no Phase I production by Defendants, and Richard Patterson had not, and still has not, been substituted in as a party, the undersigned sought Defendants' consent to request an adjournment of the settlement conference. Defense counsel responded on May 15, 2019, stating that he would provide a response later that day or today. Today, defense counsel responded by sending the attached email in which he stated that Defendants intended to proceed with the settlement conference as scheduled. Attachment 1. Additionally, while defense counsel has previously asserted that Plaintiffs have named the wrong parties, he for the first time in this email, attached hereto, stated that Thomas Patterson passed away before either Plaintiff was employed, and that Plaintiffs' actual employer was Thomas Patterson Corp. *See Id.* Counsel further informed the undersigned that he has just received a letter testamentary naming Richard Patterson as administrator but, even though he has not been substituted, Defendants want to proceed with the settlement conference.

Lastly, the tax returns provided by Defendants for Thomas Patterson Corporation, which from our initial search does not appear to be the name of any corporation registered with the New York State Division of Corporations, raise serious questions about the Corporations' records. For instance, if, as defense counsel asserts, Thomas Patterson Corp. was Plaintiffs' employer, it is not clear how for the tax-year 2015 (for example), the corporation would only have claimed a deduction of $33,852.00 for "[s]alaries and wages (less employment credits)" on line 13 of Form 1120, when just the Plaintiffs' wages alone were $46,160.00, in total, for that period of time, albeit without being paid for their overtime hours.[1] Additionally, Part II of Schedule G of the 2015

---

[1] The 2016 tax-year shown in the Form 1120 is for October 1, 2015 to September 30, 2016. Mr. Riley worked fifty-six hours per week, beginning on October 28, 2015, at a flat rate of $420.00 per week. As such, for tax-year 2016, his wages were approximately $20,160.00. Mr. Balfour, who began working at Tastee Pattee in October 2013, worked for the entire 2016 tax-year at a flat rate of $500.00 per week for sixty hours worked each week, and as such his wages for tax-year 2016 were approximately $26,000.00.

taxes lists Christopher Thomas, who is not a party but would potentially need to be added as a defendant, as the 100% owner of the corporation's voting stock. Clearly, if just an initial review of these records raises such serious issues regarding this newly identified corporation, and the accuracy of these tax documents, they cannot be given any consideration in this matter without further, detailed inquiry.

Given the information above, specifically the fact that defense counsel alleges that none of the currently named parties are the correct parties, that Richard Patterson has not yet been substituted, that Defendants produced absolutely no documents in response to Phase I discovery even though they were able to provide three years of tax returns for Thomas Patterson Corporation, and Defendants' position with respect to FLSA coverage, Plaintiffs believe that not only is a settlement conference premature at this point, but since they would be negotiating with persons and entities that defense counsel claims are not proper defendants, there would be no purpose or legitimacy to any such settlement discussions. As such, Plaintiffs respectfully request that the Settlement Conference set for Tuesday, May 21, 2019, be converted to a telephonic status conference to discuss these issues with the Court, along with how best to proceed.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

_____
Thomas R. Price, Esq.

To: All Parties *via* ECF