UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HORACE RILEY, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

                    Plaintiff,

    -against-

TASTEE PATTEE, LTD., and
THOMAS PATTERSON CORP., and
PATTIE HUT B INC, and
PATTIE HUT INC., and
CHRISTOPHER THOMAS, individually, and
RICHARD PATTERSON AS ADMINISTRATOR
OF THE ESTATE OF MICHAEL A. PATTERSON ,
individually,

                    Defendants.
-------------------------------------------------------------------X

**AMENDED COMPLAINT**

**Docket No.:** 1:18-cv-05562-ENV-ST

Jury Trial Demanded

HORACE RILEY, on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Amended Complaint against TASTEE PATTEE, LTD. (hereinafter "Tastee Pattee"), and THOMAS PATTERSON CORP. (hereinafter "T.P.C."), and PATTIE HUT B INC ("P.H.B."), and PATTIE HUT INC. ("P.H.Inc."), (Tastee Pattee, T.P.C., P.H.B., and P.H.Inc., together where appropriate, as "the Pattee Defendants"), and CHRISTOPHER THOMAS, individually, and RICHARD PATTERSON AS ADMINISTRATOR OF THE ESTATE OF MICHAEL A. PATTERSON (hereinafter "Richard Patterson"), individually, (all six, collectively where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action seeking damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 and Hospitality Industry Wage Order ("Wage Order"), codified as N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the minimum wage provisions of NYLL §652(1) and NYCRR §146-1.2.; (iv) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. As described below, Plaintiff worked for Defendants - - four multiple distinct entities operating as a single enterprise, potentially along with other unnamed entities, which operates a chain of popular Jamaican restaurants in Brooklyn, New York, and the enterprise's owner and day-to-day overseer, and the administrator of the estate of one of the enterprise's former owners and day-to-day overseers - - from approximately October 28, 2015 until May 7, 2018, first as a cashier and server and then subsequently as a member of the kitchen staff. Throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout his employment, Defendants routinely required Plaintiff to work beyond forty hours in a workweek but paid him a flat weekly wage that operated to cover only the first forty hours that he worked per week, and thus failed to compensate Plaintiff at any rate of pay, let alone at the statutorily-required

2

overtime rate of time and one-half his straight-time rate of pay, or time and one-half the minimum wage rate, when greater, for any hours that he worked per week in excess of forty.

3. Additionally, in violation of New York law, Defendants failed to pay Plaintiff at a rate that was at least equal to the statutorily-required minimum for all hours worked, or to provide Plaintiff with any wage statements on each payday or with any wage notice at hire.

4. Defendants paid and treated all of their non-managerial employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations periods who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions comprising the claims for relief occurred within this judicial district.

## PARTIES

9.      At all relevant times herein, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10.     At all relevant times herein, Tastee Pattee was and is a New York corporation, with its principal place of business located at 3122 Church Avenue, Brooklyn, New York 11226.

11.     At all relevant times herein, T.P.C. was and is a New York corporation with its principal place of business located at 1371 Fulton Street, Brooklyn, New York 11216.

12.     At all relevant times herein, P.H.B. was and is a New York corporation with its principal place of business located at 516 Nostrand Avenue, Brooklyn, New York, 11216.

13.     At all relevant times herein, P.H.Inc. was and is a New York corporation with its principal place of business located at 1914 Nostrand Avenue, Brooklyn, New York 11226.

14.     At all relevant times herein, Defendants Christopher Thomas and now-deceased Michael A. Patterson were the co-owners and the day-to-day overseers of Tastee Pattee.  In those roles, Christopher Thomas and Michael A. Patterson were jointly responsible for overseeing the daily operations of all locations of the Pattee Defendants, as well as managing all of its employees, including Plaintiff, including all matters with respect to determining employees' rates and methods of pay and hours worked, the assignment of work schedules, the hiring and firing of employees, and the distribution and assignment of work duties.

15.     Michael A. Patterson died on January 24, 2019.  Subsequently, Defendant Richard Patterson was appointed as administrator of the estate of Michael A. Patterson on May

8, 2019 by the Honorable Judge Margaret C. Reilly of the Surrogate's Court of the State of New York, Nassau County, making Defendant Richard Patterson the real party in interest replacing former Defendant Michael A. Patterson.

16. Defendant Christopher Patterson is now the sole owner and overseer of the Pattee Defendants.

17. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, the Pattee Defendants' qualifying annual business exceeded and exceeds $500,000, and the Pattee Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they operated as a single enterprise and employ and employed two or more employees, order and sell ingredients and food products, purchase uniforms for their employees, and buy other supplies, such as pots, pants, utensils, and paper goods, from vendors located in states other than New York, and also accept credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects the Pattee Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants and who give consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

19. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and/or (5) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked per workweek in excess of forty.

20. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

21. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

22. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly-situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCRR.

23. Under FRCP 23(b)(3), Plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

  b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

  c. Claims or defenses of the representative are typical of the class;

  d. The representative will fairly and adequately protect the class; and

  e. A class action is superior to other methods of adjudication.

24. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial employees of Defendants who, during the applicable NYLL limitation period, performed any work for Defendants within the State of New York ("Rule 23 Plaintiffs").

### Numerosity

25. Within the last six years Defendants have, in total, employed at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

26. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require Rule 23 Plaintiffs to perform; (2) the manner of compensating Rule 23 Plaintiffs; (3) whether Defendants paid and pay Rule 23 Plaintiffs overtime wages at time and one half their respective regular rates of pay, or one and one-half time the minimum wage rate, when greater, for all hours worked over forty in a week; (4) whether Defendants failed and fail to pay Rule 23 Plaintiffs at least at the statutory minimum wage rate for all hours worked; (5) whether Defendants failed and fail to furnish Rule 23 Plaintiffs with wage statements on each payday accurately containing the information required by NYLL § 195(3); (6) whether Defendants failed and fail to furnish Rule 23 Plaintiffs with wage notices at the time of their hire accurately containing the information

required by NYLL § 195(1); (7) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (8) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and the NYCRR; and (9) if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

27.     As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and the NYCRR.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, and Defendants did and do not pay them overtime wages for all hours worked over forty each week or at least at the statutory minimum wage rate for all hours worked, nor did and do Defendants furnish them with accurate wage statements or wage notices when the law requires.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and the NYCRR to be paid at least at the minimum wage rate for all hours worked, all their earned overtime wages, and to be furnished with accurate wage statements on each payday and wage notices upon hire.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCRR.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

28. Plaintiff, as described below, has worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants regularly failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked over forty each week, pay Plaintiff at least at the required minimum wage rate of pay for all hours worked, furnish Plaintiff with accurate wage statements on each payday, and/or furnish Plaintiff with an accurate wage notice upon hire, which is substantially similar to how the Defendants paid and treated and pay and treat the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all matters pertaining to him raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

29. Additionally, Plaintiff's counsel has substantial experience in this field of law.

### Superiority

30. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants have treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

31. Any lawsuit brought by any current or former non-managerial employee of Defendants would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

32. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

33. The Pattee Defendants are four nominally-distinct entities that operate, potentially along with other unnamed entities, as a single enterprise as a chain of popular Jamaican restaurants with multiple locations in Brooklyn. That is, the Patee Defendants: were all owned and operated by, at a minimum, Defendant Christopher Thomas and former Defendant Michael A. Patterson, and after Michael A. Patterson's death, continue to be owned and operated by Christopher Thomas; shared and share employees across locations; and used and use the same vendors to purchase goods and supplies for the different locations / entities, all at the discretion of the Pattee Defendants' owners.

34. The Pattee Defendants all have and had an interrelation of operations in offering West Indian / Jamaican food to patrons throughout Brooklyn; concurrently control labor relations between employees and management; are and were commonly managed by the same personnel, i.e., *inter alia*, Defendant Christopher Thomas and Michael A. Patterson prior to his death; and are commonly owned and controlled financially.

35. The Pattee Defendants' locations include, at a minimum: 3122 Church Avenue, Brooklyn, New York 11226; 1371 Fulton Street, Brooklyn, New York 11216; 987 Flatbush Avenue, Brooklyn, New York 11226; 1431 Rockaway Parkway, Brooklyn, New York 11236; 516 Nostrand Avenue, Brooklyn, New York, 11216 (doing business as "Pattie Hut & Grill"); and 1914 Nostrand Avenue, Brooklyn, New York 11226 (doing business as "Flava II"). Defendants employed eleven or more employees across their locations at all relevant times.

36. Christopher Thomas is, and Michael A. Patterson was, co-owners and the day-to-day managers of the Pattee Defendants, who were jointly responsible for overseeing the daily operations of the Pattee Defendants, as well as managing all of their employees at all locations, including all matters with respect to determining employees' rates and methods of pay and hours worked, work schedules, and the distribution and assignment of work duties. Defendant Christopher Thomas was primarily in charge of managing the Tastee Pattee store located at 1371 Fulton Street, where Plaintiff worked, but was also responsible for checking in on the operations at other locations. Defendant Christopher Thomas personally hired and fired Plaintiff, paid Plaintiff his wages, and supervised Plaintiff throughout his employment with Defendants. For his part, prior to his death, Michael A. Patterson was primarily in charge of managing the Tastee Pattee store located at 3122 Church Avenue, which Defendant Christopher Thomas now manages.

37. On or about October 28, 2015, Plaintiff commenced his employment with Defendants as a cashier and server in Defendants' restaurant located at 1371 Fulton Street. In this capacity, Plaintiff's primary duties were cashing out customers and serving food, as well as having responsibility for cleaning his work station and other areas inside and outside of the restaurant, placing garbage in outside trash bins. Plaintiff was also collaterally responsible for making trips to a local bank to obtain change for the restaurant. In or around April 2016, Defendants reassigned Plaintiff to the kitchen staff in the role of assistant to the chef, in which position his primary duties were to prepare and cook food for the restaurant's customers, along with continuing to perform his collateral duty of obtaining change from the bank. Plaintiff worked in that position until his employment with Defendants ended on May 7, 2018.

38. Throughout his employment, Defendants required Plaintiff to work seven days per week, without a scheduled or uninterrupted break each day. From the beginning of his employment on or about October 28, 2015 through May 2016, Defendants required Plaintiff to work from 8:00 a.m. until 4:00 p.m. each day, resulting in a total of fifty-six hours worked per week. After reassignment to the kitchen staff in April 2016 and continuing until the end of his employment on May 7, 2018, Defendants required Plaintiff to work from 8:00 a.m. until at least 4:30 p.m. Monday through Saturday, and from 8:00 a.m. to 4:00 p.m. on Sunday, resulting in a total of at least fifty-nine hours worked per week.

39. Regardless of how many hours he worked in a week, Defendants paid Plaintiff a flat weekly rate of: $420.00 from October 28, 2015 until December 31, 2016, yielding a regular rate of $10.50; and $467.00 from January 1, 2017 until May 7, 2018, yielding a regular rate of $11.68.

40. The flat salary that Defendants paid to Plaintiff each week was intended to and operated to cover only the first forty hours that Plaintiff worked each week. Thus, throughout his employment, Defendants failed to compensate Plaintiff at any rate of pay, let alone at the rate of time and one-half his regular rate of pay, or time and one-half the minimum wage rate, when greater, for any hours that Plaintiff worked in a week in excess of forty.

41. By way of example only, during the week of March 5 through March 11, 2017, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

    Sunday, March 5, 2017: 8:00 a.m. until 4:00 p.m.;

    Monday, March 6, 2017; 8:00 a.m. until 4:30 p.m.;

    Tuesday, March 7, 2017: 8:00 a.m. until 4:30 p.m.;

    Wednesday, March 8, 2017: 8:00 a.m. until 4:30 p.m.;

>Thursday, March 9, 2017: 8:00 a.m. until 4:30 p.m.;
>
>Friday, March 10, 2017: 8:00 a.m. until 4:30 p.m.;
>
>Saturday, March 11, 2017: 8:00 a.m. until 4:30 p.m.

Thus, Plaintiff worked fifty-nine hours in this week. In exchange for his work during this week, Defendants paid Plaintiff a flat salary of $467.00, which amounts to $11.68 per hour for his first forty hours of work only. Defendants did not pay Plaintiff at any rate for the nineteen hours that Plaintiff worked during this week in excess of forty.

42. Moreover, in 2018, Defendants failed to compensate Plaintiff at least at the NYLL minimum wage rate for any hours worked.

43. Throughout his employment, Defendants paid Plaintiff weekly in cash.

44. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone one that accurately listed all of the information that Section 195(3) of the NYLL requires, such as the dates of work covered by the payment of wages, the regular hourly rate of pay, the overtime rate of pay, the number of regular hours worked, and the number of overtime hours worked.

45. Additionally, upon hire, Defendants failed to provide Plaintiff with any wage notice, let alone one accurately containing all the information that Section 195(1) of the NYLL requires, such as Plaintiff's rates of pay and the basis thereof (e.g. hourly, daily, per shift), as designated by the employer, and the name and telephone number of the employer.

46. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described above.

47. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

48. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

49. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

52. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

53. Defendants willfully violated the FLSA.

54. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater.

55. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and NYCRR*

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked exceeding forty in a workweek.

58. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

59. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater.

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Minimum Wage in Violation of the NYLL and NYCRR*

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. NYLL § 652 and 12 NYCRR § 146-1.2 require employers to compensate their employees at a minimum hourly rate of pay for each hour worked in a workweek.

64. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

65. As also described above, Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in accordance with the NYLL's and the NYCRR's minimum wage provisions.

66. At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to recover the difference between their respective regular rates of pay and the applicable minimum wage rate for every hour worked.

67. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

68. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

70. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

71. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with any wage statements, let alone ones accurately containing the criteria required under the NYLL.

72. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

73. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

74. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

76. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

77. As also described above, Defendants failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with any wage notice at hire, let alone one accurately containing the criteria enumerated under the NYLL.

78. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $50.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00

79. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $50.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

**DEMAND FOR A JURY TRIAL**

80. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims asserted in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State Laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

  f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs and expenses, and an award of a service payment to Plaintiff;

  i. Designation of Plaintiff and his counsel as collective/class action representatives under the FLSA and FRCP 23;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs any other and further relief as this Court finds necessary and proper.

Dated: New York, New York
July 19, 2019

Respectfully summited,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. (212) 679-5000
Fax. (212) 679-5005

By: _____
MICHAEL R. MINKOFF (MM 4787)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)