# BORRELLI & ASSOCIATES

### —————— P.L.L.C. ——————

www.employmentlawyernewyork.com

| 655 Third Avenue | 910 Franklin Avenue |
|---|---|
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

October 7, 2019

*Via ECF and First-Class Mail*
The Honorable Eric N. Vitaliano
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:     *Riley v. Tastee Pattee, LTD. et al.*, 18-cv-05562-ENV-ST

Dear Judge Vitaliano:

      As the Court knows, we represent Plaintiffs Horace Riley and Patrick Balfour in the above-referenced action arising under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendants Tastee Pattee, LTD, Thomas Patterson Corp., Pattie Hut B Inc., and Pattie Hut Inc., (together as "the Pattee Defendants"), as well as Christopher Thomas, individually, and Richard Patterson, as administrator of the Estate of Michael A. Patterson, individually (hereinafter, as "Patterson") (all, collectively, as "Defendants"). We write to oppose Defendants' September 30, 2019 pre-motion conference request (ECF # 45), seeking permission to file their motion to dismiss the claims brought against Tastee Pattee, Ltd., Pattie Hut B Inc., Pattie Hut Inc., and Patterson (hereinafter "the Moving Defendants").[1] The Moving Defendants seek leave to move to dismiss Plaintiffs' Amended Complaint for two reasons. First, they claim, Plaintiffs failed to adequately allege that the Pattee Defendants were part of a single enterprise to jointly employ them. Second, they claim that the Amended Complaint fails to adequately plead that Patterson was one of Plaintiffs' individual employers under the FLSA and the NYLL. Both of Defendants' arguments fail, as Plaintiffs' Amended Complaint more than easily meets Rule 8's "facial plausibility" standard, *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009), to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus* 551 U.S. 89, 93 (2007). The Amended Complaint plausibly alleges that the Pattee Defendants were engage in related activities through a unified operation or common control for a common business purpose, with Defendant Patterson exhibiting operational and direct control, alongside Defendant Thomas, while he operated the Pattee Defendants.

---

[1] The remaining Defendants filed their answer to the Amended Complaint on September 30, 2019. ECF # 46.

First, multiple, nominally distinct entities may constitute a "single enterprise under the FLSA for purpose of establishing FLSA 'enterprise coverage.'" *Chuchuca v. Creative Customs Cabinets, Inc.*, 2014 WL 6674583, at *6 (E.D.N.Y. Nov. 25, 2014) (quoting *Berrezueta v. Royal Crown Pastry Shop, Inc.*, 2014 WL 3734489, at *4-7 (E.D.N.Y. July 28, 2014)); *see also Loo v. I.M.E. Rest., Inc.*, 2018 WL 4119234, at *4 (E.D.N.Y. Aug. 29, 2018) (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013)).  Courts use a three-part test to determine whether distinct entities constitute a "single enterprise" for purposes of FLSA coverage, analyzing whether they: (1) engage in related activities; (2) operate through a unified operation or common control; and (3) operate for a common business purpose. *Chuchuca*, 2014 WL 6674583, at *8 (citing *Berrezueta*, 2014 WL 3734489, at *4).  Entities engage in "related activities" when "they are the same or similar, such as those of the individual retail or service stores in a chain." *Bowrin v. Catholic Guardian Soc.*, 417 F. Supp. 2d 449, 458 (S.D.N.Y. 2006) (citing 29 C.F.R. § 779.206(a)).  Where different nominal entities are involved, "the critical inquiry is 'operational interdependence in fact.'" *Id.* (quoting *Dole v. Odd Fellows Home Endowment Bd.*, 912 F.2d 689, 692 (4th Cir. 1990)).  Moreover, "[t]he provision of 'mutually supportive services to the substantial advantage of each entity'" demonstrates that they "'are operationally interdependent and may be treated as a single enterprise under the Act.'" *Id.* (quoting *Archie v. Grand Cent. P'Ship, Inc.*, 997 F.Supp. 504, 525 (S.D.N.Y. 1998) (Sotomayor, *J.*)).

As the FLSA's regulations explain, "unified operation or common control do not have a fixed legal or technical definition." 29 C.F.R. § 779.216.  "Unified operation" means combining, uniting, or organizing [related activities'] performance so that they are in effect a single business unit or an organized business system . . . ." 29 C.F.R. § 779.217.  Further, "control" includes the power to direct, restrict, regulate, govern, or administer the performance of the activities. 29 C.F.R. § 779.221.  "Common control" includes the sharing of control and it is not limited to sole control or complete control by one person or corporation. *Id.*

Here, Plaintiff has alleged sufficient facts to plausibly plead a single enterprise among the Pattee Defendants so as to hold them all liable.  First, Plaintiff alleges that the separate corporate Defendants function as different store fronts in a single chain of Jamaican food restaurants, all jointly owned and operated by the two individual Defendants. *See, e.g.,* Am. Comp., ECF # 31, ¶¶ 2, 17, 33-36.  This included alleging that both individual Defendants jointly "owned and operated" the various locations; "shared and share employees across locations" including Plaintiff; and "use the same vendors to purchase goods and supplies for the different locations / entities." *Id.* ¶ 33.  The Amended Complaint alleges these specific facts to easily move them beyond what Defendants describe as "conclusory, threadbare, and speculative allegations." *See* ECF # 45 at 2.  In contrast, these allegations - - taken as true at this stage - - are more than enough to establish a single integrated enterprise under the FLSA.  The "common control" of the two individual Defendants across the corporate Defendants' storefront locations is consistent with a "single business unit or

2

an organized business system," precisely within the definitions of the FLSA's regulations at issue here.

Turning to the second prong of Defendants' pre-motion request, in addition to formal business entities, individual (natural) persons are considered "employers" under the FLSA and the NYLL when they exhibit either "operational control" or "direct control" over the plaintiff-employee's relationship with any specific entity or entities. *Loo*, 2018 WL 4119234, at *4-5 (citing *Irizarry*, 722 F.3d at 104). "Operational control" is demonstrated where an individual defendant exhibits "authority over management, supervision, and oversight of [the corporate defendant's] affairs *in general*." *Id.* (citing *Irizarry*, 722 F.3d at 110) (emphasis added). In contrast to the "general" analysis of "operational control," "direct control" focuses on whether the individual defendant: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) was responsible for maintaining employment records. *Id.* (citing *Carter*, 735 F.2d at 12). At bottom, "[n]o individual circumstance is dispositive to the question of whether an individual is an employer, and courts have concluded that an individual defendant qualifies as an 'employer' even when several of the *Carter* factors do not apply in a specific case." *Id.* (emphasis added).

Once again, Plaintiff's Amended Complaint plausibly alleges individual liability as to Patterson (and his estate, as successor). Specifically, Plaintiff alleges that *both* individuals - - including Patterson - - "managed" and "concurrently control[led] labor relations" and commonly owned and controlled all entities. *Am. Compl.*, ECF # 31, ¶¶ 33-34. And leaving little doubt, Plaintiff's Amended Complaint specifically alleges that - - along with Christopher Thomas - - Patterson was "jointly responsible for overseeing the daily operations of *all* locations of the Pattee Defendants, as well as managing *all* of its employees, including Plaintiff, *including with respect to determining employees' rates and methods of pay and hours work* . . . ." *Id.*, ¶ 14. These allegations more than plausibly allege both "operational" and "direct" control with respect to Defendant Patterson's role among the Pattee Defendants, guaranteeing a swift denial of Defendants' motion aimed squarely at the sufficiency of the pleadings.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

Michael R. Minkoff, Esq.

To: All Parties *via* ECF

3