# BORRELLI & ASSOCIATES
## P.L.L.C.

www.employmentlawyernewyork.com

| 655 Third Avenue | 910 Franklin Avenue |
| --- | --- |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

February 18, 2020

*Via ECF*
The Honorable Steven Tiscione
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Riley v. Tastee Pattee, LTD. et al.*, 18-cv-05562-ENV-ST

Dear Judge Tiscione:

      This office represents Named Plaintiff Horace Riley and Opt-in Plaintiff Patrick Balfour in the above-referenced action arising under the Fair Labor Standards Act and the New York Labor Law against Defendants Tastee Pattee, LTD, *et al*.  We write, pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rules 5.1, 26.4, and 37.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, seeking an order compelling Defendants to participate in discovery in this matter - - specifically, to provide long-overdue responses to document requests and interrogatories, attached hereto as **Exhibit A**.  Said plainly, Plaintiffs served discovery requests on all Defendants on November 7, 2019.  Defendants have not produced any responses or objections, and aside from providing some financial records in May 2019 for settlement purposes only, no documents whatsoever.  Plaintiffs are left with no choice but to make this motion.

      The parties have met and conferred several times by phone and email over the last three months - - most recently by phone on February 6, 2020, when Defendants' counsel confirmed that Defendants would produce documents and responses during the week of February 10, 2020, so that the parties could conduct a Rule 30(b)(6) deposition that Plaintiffs noticed for February 20, 2020, of Defendant Thomas Patterson Corp.  When Defendants failed to produce anything during that week, undersigned counsel followed-up with Defendants' counsel again via email, and on February 13, 2020, counsel represented that he would send Defendants' responses by the end of day on February 14, 2020.  When that deadline passed, we again followed up with Defendants' counsel during the afternoon of February 17, 2020, directing Defendants to confirm whether

documents and responses would be provided before end of day.  We also noted that if not, Plaintiffs would have no choice but to move to compel.  Defendants never responded, and now Plaintiffs make the instant motion seeking an Order compelling Defendants to provide full and complete responses, without objection, by March 6, 2020.

Moreover, while the parties have already extended discovery in this matter multiple times, Defendants failure to participate in discovery has necessitated yet another extension.  Again, while the first of Defendants' depositions was scheduled for this Thursday, February 20, 2020, that must now be adjourned given Defendants' failure to produce documents and responses.  As a result, additional time is needed to complete discovery and for Plaintiffs to file their still-anticipated motion for conditional certification.  The proposed revised schedule is as follows:

| **Event** | **Current Deadline** | **Proposed New Deadline** |
|---|---|---|
| *Fact Discovery* | April 5, 2020 | May 29, 2020 |
| *Conditional Certification Motion* | May 29, 2020 | June 30, 2020 |
| *Status Conference* | May 6, 2020 | Plaintiffs propose that the Court keep this conference as currently scheduled. |

Plaintiffs note that they have refrained from requesting their reasonable attorneys' fees for having to make this motion, but will not do so again should Defendants' stonewalling continue.  Pursuant to Rule III.A of Your Honor's Individual Practice Rules, and as described above, we hereby certify that we have attempted to confer in good faith with Defendants' counsel prior to making this motion.  We thank the Court for its time and attention to this matter.

Respectfully submitted,

Michael R. Minkoff, Esq.

To: All Parties *via* ECF